I'm Richard Such for Ruben Nava. The first issue in this case concerns the unconstitutional vagueness of the term that was formerly used in Peel Code section 290, location. I don't think there's any doubt that this term is unconstitutionally vague under United States Supreme Court law. But as I read the record, the case wasn't tried on a location theory counsel. It was tried on a residence theory. So what difference does it make whether the word location is vague? I think the case was tried on a residence theory only in a very limited sense. Evidence was presented that... Well, all of the locations had a postal mailing address, did they not? An actual numbered address on a street in Half Moon Bay? I believe it did. And the jury heard that through the testimony of the witnesses? Yes. So we're not really dealing with a situation where Mr. Nava lived, you know, under the third oak tree on the right after you passed the farmer's barn? I couldn't tell you how large this area was. I know it was described as very rural. And there were places that were designated for motor homes, mobile homes, crafts, and also area for... But it had a street address. For tenting. It had a space number, did it not? There was a street address so that it could be identified as such. But the question was, did Mr. Nava reside there? But the jury was not required to resolve that question. I think there are three reasons why I say that. One is that the prosecution introduced evidence of the notices that Mr. Nava had been given in the past of what his duties were to register. And those notices, which of course were exhibits and taken by the jury into the jury room, said... Excuse me, I have the language here. Those notices said that he was required to register where he was located or residing. And then the court instructed the jury, and I'm quoting from the jury instruction, every person who is required to register as a sex offender must register with the law enforcement agency of the city in which he resides or is located. Within five working days of coming into or changing his residence or location within any city, county, or city and county. And in all instances, these addresses are located in the city of Half Moon Bay? That's right. Well, I'm not sure about the... Yes, that's right. They were all within the city of Half Moon Bay. I'm still having a hard time, though, tracking your argument. If the case was tried on a theory of residences, and if the jury was asked to determine whether or not Mr. Nava actually resided at those residences for the requisite period of time, which I think is only, what, five days or something that triggers the duty to register? Yes. Then what's the relevancy of the argument over the vagueness of location? Well, during the... I just read to you the instruction that the judge gave to the jury that it could find the defendant guilty if he resided or was located there. But as the case was argued to the jury, the big issue was whether or not this tent site or this tent that he had was a residence. And here's the argument that defense counsel made. Are you using the term residence to mean four walls and a roof? Is that what the defense theory was, that a tent can't be a residence? Well, the argument was that it was not a residence, yes. Why? How? I mean, people live in all kinds of different things. This is true, but the instruction to the jury defined residence, I have that right here, as a temporary or permanent dwelling place which one keeps and to which one intends to return, as opposed to a place where one rests or shelters during a trip or transient visit. And I think a reasonable jury applying the common, ordinary, everyday meaning of those terms could doubt that a tent site or a tent on it was a dwelling place that one kept or intended to return to, as opposed to a place where one just simply shelters temporarily. Well, I was about to say the defense argued to the jury, is this a residence, this bare piece of ground? Look how rural this place is. This isn't even a tent, this blue thing. And I think that defense counsel was probably referring to exhibits A and B, which were photographs of the tent site with something blue on it. Now, the prosecutor, just 10 pages later in the transcript, followed that up with this argument. I think he was directly responding to the defense argument. He says, let me read to you the responsibility that the defendant has to perform. I mean, now he's reading from those notices that were introduced into evidence to prove Mr. Nava's knowledge of where and when he had to register. He says, let me read to you the responsibility that the defendant has to perform. I must register, nothing complicated about that, within five working days. Any big difficult words there? No. Of coming into or of changing residence or location. And then the prosecutor continued. And residence or location is important. Because you know what? Some people have a traditional understanding of what the word residence means. It's four walls, backyard, barking dog, two cars. It doesn't say that. It says residence or location. This is a location. That is a location. Terra firma, it's ground. It's not going anywhere. It's not moving anywhere. It's ground. It will be there from now until the end of the world. Now, I think the record doesn't show explicitly what the DA was referring to when he said that, residence or location. That is a location. Terra firma, it's ground. It's likely he was referring to those two exhibits, exhibit A and B, which showed photographs of the campsite with a blue tent or a blue tent-like thing on it that the defense counsel had referred to as his argument. So the fact is that the court instructed the jury that you could find him guilty if he was residing or was located. The prosecutor argued it doesn't matter whether this was a residence or not because it's a location, and the law says you have to register at your location. I thought all of the discussion, at least in the portion of the record that I read, location is a synonym for residence, and that was the thrust of the people's argument, and the court shied away from using the term location for that reason. And that's why the instruction says residence. Well, the instruction said residence or location. Right. It used both terms, and the way the California Court of Appeal looked at it was, as you just expressed, that the prosecutor was merely trying to explain that residence is a broad enough term that it includes locations. Well, there are two things wrong with that. The first thing I just spelled out, and that is that that's not what happened. The prosecutor didn't say a location is a kind of residence or residence includes location. Instead what he said, you don't have to determine whether this tent site is a residence or not because the notice that Mr. Nava was given of where he had to register, implying that that's what the statute required, that is what the court's instruction said, doesn't require him to have a residence because if he has a location. A location is good enough. This piece of ground here is a location. Terra firma, it's ground. It's not going anywhere. It's not moving anywhere. It's ground. So basically he's telling the jury a piece of ground can be a residence. And now the other thing that's wrong with that is that, the other thing that's wrong with and unreasonable about the California Supreme Court, the California Court of Appeals decision is that even if that were true, that that's what happened, that the court's instructions and the prosecutor's argument were merely trying to expand the notion of residence to include the unconstitutionally vague notion of location. Well, then they just made the term residence unconstitutionally vague. If the term residence is so broad, so amorphous, that includes locations, then it's unconstitutionally vague. So that doesn't solve the problem to say that the prosecutor was merely arguing that even if it were true, but it wasn't true that the prosecutor was arguing that residence includes locations, then that just imports the vagueness of the term location into the term residence. Your argument is that the whole statute is unconstitutional, not that it's unconstitutional as applied? Well, it was held to be, the location language of the statute was held to be unconstitutional in the case of People v. North. And I don't think there's any, I mean, it's never been disputed, at least here in our federal courts, that the California Court of Appeal correctly decided in the case of People v. North that the use of the location language within the statute violated the United States Constitution because of its vagueness. And, of course, there are very close United States Supreme Court cases, Connolly v. General Construction, where the court held that the term locality was unconstitutionally vague. The case of Chicago v. Morales, where they found that referring to an area was unconstitutionally vague. Counsel, your time has expired. Thank you very much. Thank you. Good morning. Jeremy Friedlander for Appley. The court instructed the jury with the elements of the offense. One of the elements was you have to reside in San Mateo County. There was no element or alternative element in that list that even mentioned location. The court not only said you have to find that he resided in San Mateo County, but then defined what residence means. An appellant has no quarrel with that definition. Instead, what he does is he forgets about or ignores these parts of the instruction and focuses on the introductory instruction in which the court did say residence or location, but he fails to consider all this in context, taking the prosecutor's argument out of context as well. The prosecutor specifically stated the definition of residence for the jury, and it was certainly reasonable for the state court to conclude that the prosecutor was saying, using the term location only in the sense of a unconventional residence, such as a spot on the ground where you can pitch a tent, and that under the definition of residence can indeed be a residence. And since the jury was explicitly and specifically instructed on the definition of residence, it was reasonable for the state court to conclude that they did, in fact, find him. If there are no further questions, I'll submit it. Okay. Thank you very much. The case just argued is submitted. We'll be in recess for about 10 minutes.
judges: Fletcher B. , Tallman, Rawlinson